LEANDER, The (FLINN v.). See Case No. 4,870.

---

## Case No. 8,161.

### LEANING v. STANDISH.

[N. Y. Times. May 4, 1864.]

District Court, S. D. New York. 1864.

CARRIERS—DELIVERY OF CARGO—SHIPPING—DEMURRAGE—EVIDENCE OF PARTY IN INTEREST.

[1. The carrier fulfills his undertaking by bringing the cargo to the appointed port with notice to the consignee of that fact and the readiness of the ship to deliver it at a convenient and proper place.]

[2. The testimony of the clerk of the respondent will overcome that of libelant testifying for himself.]

[Libel by Matthew Leaning against William Standish for freight and demurrage.]

Mr. Donovan and Judge Whiting, for libelant.

Mr. Lyons and Mr. Benedict, for respondent.

BETTS, District Judge. This was a libel for freight and demurrage. The libelant was master of the barge Anthracite. The coal was shipped at Swatara Collier, to be delivered at New York, "unto Hiram Tocht or his assigns, he or they paying freight at $2.70 per ton, and demurrage at the rate of $10 per day for any detention over three days after notice of arrival has been given to the consignee." The libelant at New Brunswick received instructions to deliver his coal to the respondent at the foot of Delancy street. On the 18th of December the arrival of the vessel was reported, and on the 24th of December the libelant signed a receipt for "$25 of Hiram Tocht, on account of the freight." The vessel was not able to get to a berth for several days. The respondent's clerk testified that after the barge had arrived, he told the libelant the respondent would take the coal at the foot of Stanton street, where there was a berth; but this the libelant denied. He finally got a berth at the foot of Delancy street, and after that there was no delay in receiving the coal. The libelant claimed to recover the freight and demurrage for ten days. The respond-

ent did not contest the freight, but denied his liability to pay demurrage.

HELD BY THE COURT. That the carrier fulfills his undertaking expressed in a bill of lading of the purport of this one by bringing the cargo to the appointed port, with notice to the consignee of that fact, and the readiness of the ship to deliver it at a convenient and proper place. The duty of the consignee is to designate the place of delivery, and to be ready to receive the cargo as it comes from the ship. Whether that shall be from her side in the stream, or landed on a quay, must be a matter depending upon the condition of the port in means and facilities of commercial accommodation, or arrangement between the parties. That in this case the delivery was to be made at a dock acceptable to the consignee. That the evidence of the claimant on the question of his readiness to receive the coal at Stanton street is the stronger; the libelant testifying for himself against the clerk. That the respondent is entitled to a decree on the claim for demurrage.

---

LEAP (VIRGINIA v.). See Case No. 16,964.

LEAR, The (DENNIS v.). See Case No. 3,796.

LEAR (JONES v.). See Case No. 7,476.

LEAR (WAGER v.). See Case No. 17,034.

LEARNED v. BURLINGTON. See Case No. 14,687.

LEARNED (UNITED STATES v.). See Case No. 15,580.